# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHIPPEWA LAKES, LLC, | : |
|    Plaintiff, | : |
| vs. | :    CA 15-0169-KD-C |
| UNITED STATES OF AMERICA, | : |
|    Defendant. | : |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. L.R. 72(a)(2)(S), on Defendant United States of America's ("USA") Motion to Dismiss, (Doc. 47), filed on May 12, 2017. Upon consideration of the foregoing pleadings it is **RECOMMENDED** the Court **GRANT** Defendant USA's Motion to Dismiss, (Doc. 47), and **DISMISS WITHOUT PREJUDICE**.

## FACTUAL BACKGROUND

In 1988, the Alabama State Port Authority (the "Port Authority") acquired a spoil disposal easement ("subject easement"), which burdens approximately 133 acres of land on real estate currently owned by Plaintiff Chippewa Lakes, LLC ("Chippewa"), through a condemnation action from the predecessors in title to Plaintiff Chippewa. (Doc. 1, ¶¶ 12-13). Said land owned by Plaintiff Chippewa is described as follows:

> A portion of the Easterly Projection of Lot 22, Blakely Island, said lot shown on record plat recorded in Deed Book 65 N.S., page 428, et seq. in the Probate Records of Mobile County, Alabama being more particularly described as follows: Commencing at an existing 2" open top pipe in the location of an obliterated concrete monument shown on many previous plats as being the intersection of the South line of Lot 22 and the Northerly extension of the 120' Old Hwy. 90 R.O.W.; thence South 89°38'52" East, along the South line of said Lot 22 a distance of 1,576.01 feet to a set 5/8" capped rebar on the West shoreline of Polecat Bay as shown on State of Alabama Conservation Map dated April 2, 1973 being the Point of Beginning; thence Northerly along said shoreline along the following courses: thence North 35°09'15" West, a distance of 359.84 feet to a point; thence North 21°48'05" West, a distance of 807.77 feet to a point; thence North 02°51'45" West, a distance of 349.80 feet more or less to a set 5/8 capped rebar; thence North 88°32'56" East, leaving said shoreline a distance of 858.39 feet to a point; thence South 89°05'24" East, a distance of 570.43 feet to a point; thence North 89°12'45" East, a distance of 846.46 feet to a point; thence South 14°22'50" East, a distance of 753.79 feet; thence South 13°35'59" East, a distance of 720.90 feet to a point; thence North 89°38'52" West, a distance of 2,106.97 feet to the Point of Beginning, said parcel containing 73.93 acres, more or less.

(Doc. 1, ¶ 5). Since 1956, the United States Army Corps of Engineers (the "USACE"),[1] an agency of Defendant USA, with the Port Authority acting as a "local sponsor" to "provide without cost to the United States all necessary lands, easements, and right-of-way for all projects to be constructed" under the Rivers & Harbors Act, 33 U.S.C. § 577(c), has regularly deposited spoil and operated spoil disposal lagoons for dredging operations in the Mobile River ship channel on the subject property. (Doc. 1, ¶¶ 10-11). Since the condemnation, the USACE

---

[1] The USACE is an agency of Defendant USA that "has been delegated responsibility for the construction, management, and operation of civil work projects affecting the waters of the United States of America by the Rivers & Harbors Act, 33 U.S.C. § 403, *et seq.*" (Doc. 1, ¶ 2).

continued to use the subject easement for the disposal of dredged material on Plaintiff Chippewa's land. (Doc. 47, ¶ 6).

On December 27, 2016, Circuit Court Judge John R. Lockett of the Circuit Court of Mobile County, Alabama, in Case No. CV-2015-900310, granted a motion for summary judgment filed by the Port Authority, which affirmed the Port Authority's subject easement on Plaintiff Chippewa's land. (Doc. 47-1; *see also* 47-3 (denying Chippewa's Motion to Alter, Amend, or Vacate the Circuit Court of Mobile County, Alabama's Order granting the Port Authority's Motion for Summary Judgment)).

On April 21, 2015, Willie L. Patterson, Chief of the Real Estate Division for the USACE, executed a "Disclaimer" in which he stated, "The United States disclaims all interest in the [subject easement] or interest therein adverse to the owner of the property." (Doc. 47-4).

## PROCEDURAL BACKGROUND

Plaintiff Chippewa originally filed its Complaint with this Court on March 27, 2015, against Defendant USA, claimed jurisdiction pursuant to 28 U.S.C. § 1346(f), and sought declaratory and permanent injunctive relief, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, under the Quiet Title Act, 28 U.S.C. § 2409(a). (Doc. 1, at 1-2). Plaintiff Chippewa claims it was the owner of the fee simple title, free of the burden of any easement or right of way, to certain lands situated on Blakeley Island, Mobile County, Alabama, in which Defendant USA, acting through the USACE, claimed an interest. (Doc. 1, ¶¶ 5 & 8). Plaintiff Chippewa claims, in

1988, the Port Authority acquired the subject easement on Plaintiff Chippewa's land through condemnation from the predecessors in title to Plaintiff Chippewa, and Plaintiff Chippewa's land has been used since by the USACE, as an agency of Defendant USA, as authorized by the Rivers & Harbors Act, 33 U.S.C. § 403, *et seq.*, for dredging operations in the Mobile River ship channel and other civil works projects. (Doc. 1, ¶¶ 2, 10, 12, & 14). Plaintiff Chippewa disputes the USACE's claim to the subject easement. (Doc. 1, ¶¶ 15-20).

Plaintiff Chippewa filed a Motion to Consolidate, (Doc. 10), on April 20, 2015, its pending action with another case before the Court between the Port Authority and it that was removed from the Circuit Court of Mobile County, Alabama, and involved the same parcel of land, (Doc. 10, ¶ 1). On April 30, 2015, Defendant USA filed its Motion in Opposition to Plaintiff's Pending Motion to Consolidate, or in the Alternative, for a Stay in Consideration of the Consolidation Motion ("motion to stay"), (Doc. 13), in which it asked the Court to deny the Motion to Consolidate, or in the alternative, stay consideration of the Motion to Consolidate until the Court ruled on a pending motion to remand in the removed case. (Doc. 13, at 2). The Court granted, in the alternative, Defendant USA's motion to stay until there was a ruling on the motion to remand in the removed case. (Doc. 17). A Report and Recommendation for the motion to remand in the removed case was entered in which it was recommended the removed case be remanded, and an objection to the Report and Recommendation was not filed. (Doc. 22, ¶ 1). The Court adopted the Report and Recommendation on September 3, 2015, (Doc. 25, ¶ 1), and by an

Endorsed Order, the Court found as moot Plaintiff Chippewa's Motion to Consolidate since the motion to remand in the removed case was granted. (Doc. 24).

Between September 3, 2015, and April 12, 2017, Defendant USA filed successive motions for extensions of time to file a responsive pleading pending the outcome of the remanded case in state court, (*see* Docs. 25, 27, 29, 31, 35, 37, 39, 41, 43, & 45), which were granted by the Court, (*see* Docs. 26, 28, 30, 32, 36, 38, 40, 42, 44, & 46). On May 12, 2017, Defendant USA filed the instant Motion to Dismiss, (Doc. 47), pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), or in the alternative, pursuant to 28 U.S.C.§ 2409(g) as time-barred, for which the Court entered a scheduling order, (Doc. 48), as amended, (*see* Docs. 50, 53, & 54). Plaintiff Chippewa filed its response to Defendant USA's Motion to Dismiss on July 5, 2017, and Defendant USA filed its reply to Plaintiff Chippewa's response on August 2,2017, (Doc. 56).

## STANDARD OF REVIEW

> Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds. *Morrison v. Amway Corp.*, 323 F.3d 920 925 n.5 (11th Cir. 2003). Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true. *Id*. However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits. *Id*.

*Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 527 F.3d 1271, 1279 (11th Cir. 2009).

## ANALYSIS

5

"Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941) (citations omitted). "The terms 'upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'" *McMaster v. United States*, 177 F.3d 936, 939 (11th Cir. 1999) (quoting *Soriano v. United States*, 352 U.S. 270, 276, 77 S. Ct. 269, 1 L. Ed. 2d. 306 (1957)).

The Quiet Title Act, 28 U.S.C. § 2409a,[2] was intended by Congress to be the "exclusive means by which adverse claimants could challenge the United States' title to real property." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286, 103 S. Ct. 1811, 1819, 75 L. Ed. 2d 840 (1983). "The [Quiet Title Act] waives the United States' sovereign immunity and 'permit[s] plaintiffs to name it as a party defendant in civil actions to adjudicate title disputes involving real property in which the United States claims an interest.'" *McMaster*, 177 F.3d at 939 (quoting *Block*, 461 U.S. at 276).

---

[2] "The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a).

6

> "The meaning of the phrase 'adjudicate a disputed title' presents a federal question, the answer to which must be sought in federal law." *United States v. Bedford Assocs.*, 657 F.2d 1300, 1316 (2d Cir. 1981). As the phrase itself demonstrates, there must be a dispute, and that dispute must relate to "title to real property." 28 U.S.C. § 2409a(a). The dispute must not merely concern "title to real property" in the abstract, but must concern the quality of title between the plaintiff and the United States and not the quality of title between the United States and a third party. *See Cadorette v. United States*, 988 F.2d 215, 223 (1st Cir. 1993) (explaining that a [Quiet Title Act] action "is, generally speaking, an *in personam* proceeding, the purpose of which is to determine which named party has superior claim to a certain piece of property" (citation omitted)); *see also* 28 U.S.C. § 2409a(e) (providing that district court does not have jurisdiction under the [Quiet Title Act] if the United States' interest in the property is not adverse to the plaintiff's interest in the property). This is because "[i]f the plaintiff prevails, he can recover the land wrongly held by the United States." *Cadorette*, 988 F.2d at 223; *see also LaFargue v. United States*, 4 F. Supp. 2d 580, 586 (E.D. La. 1998) ("[A] quiet title claim under the [Quiet Title Act] disputes ownership and provides the landowner with a declaration of title and recover of the land.").

*McMaster*, 177 F.3d at 939-40.

Plaintiff Chippewa brings this action under the Quiet Title Act to challenge Defendant USA's title to the subject easement. (Doc. 1, at 1 & 4). Defendant USA argues it does not have a real property interest in the subject easement, which Defendant USA asserts is held by the Port Authority. (Doc. 47, at 11). Defendant USA argues the Port Authority, under the Pledge for Local Cooperation for Federal Project-Mobile Harbor, Alabama, ("Pledge for Local Cooperation") as authorized by § 104 of the River and Harbor Act of 3 September 1954 (P.L. 83-780), agreed to be the local sponsor of the federal navigation project and as such agreed to furnish,

without cost to Defendant USA, land use pursuant to 33 U.S.C. § 2211(a)(3)[3]. (Doc. 47, at 2-3). Defendant USA argues 33 U.S.C. § 2211(a)(3) and the Pledge for Local Cooperation did not require the Port Authority to transfer interest in the subject easement to Defendant USA, through the USACE. (Doc. 47, at 3). Additionally, Defendant USA argues the USACE executed a disclaimer of interest in the subject easement in accordance with 28 U.S.C. § 2409a(e), which would divest this Court of jurisdiction. (Doc. 47, at 12-13). Alternatively, Defendant USA argues this action is time-barred pursuant to 28 U.S.C. § 2409a(g)[4]. (Doc. 47, at 14).

The Court will address Defendant USA's argument that this Court does not have jurisdiction over this matter. Defendant USA makes a factual attack on the district court's subject matter jurisdiction. *See Carmichael*, 527 F.3d at 1279 ("[W]here a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits."); *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam) ("'[N]o presumptive truthfulness attaches to plaintiff's allegations, and the

---

[3] "Except as provided under section 2283(c) of this title, the non-Federal interests for a project to which paragraph (1) applies shall provide the lands, easements, rights-of-way, and relocations (other than utility relocations under paragraph (4)) necessary for the project, including any lands, easements, rights-of-way, and relocations (other than utility relocations accomplished under paragraph (4)) that are necessary for dredged material disposal facilities." 33 U.S.C. § 2211(a)(3).

[4] "Any civil action under this section, except for an action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g).

existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'").

28 U.S.C. § 2409a(e) states:

If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.

Defendant USA attached a "Disclaimer," (Doc. 47-4), to its Motion to Dismiss executed on April 21, 2015, by Willie L. Patterson, Chief of the Real Estate Division for the USACE, in which he stated, "The United States disclaims all interest in the [subject easement] or interest therein adverse to the owner of the property." (Doc. 47-4). The undersigned finds this to be a valid disclaimer of Defendant USA's, through the USACE, interest in the subject easement.[5] Accordingly, this Court's jurisdiction over this matter ceases.

## CONCLUSION

Based on this clear record, it is **RECOMMENDED** that the disclaimer be found valid and because of that finding, the Court is without jurisdiction in this matter. Accordingly, it is also **RECOMMENDED** that Defendant USA's Motion to Dismiss, (Doc. 47), be **GRANTED** and this action be **DISMISSED WITHOUT PREJUDICE**.

---

[5] Indeed, Plaintiff Chippewa admits Defendant USA disclaimed its interest in the subject easement by execution of the disclaimer, and upon confirmation, the Court's jurisdiction over this matter ceases. (Doc. 51, ¶¶ 1-2).

9

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 10th day of August 2017.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**